IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LPP MORTGAGE LIMITED,

                Plaintiff,              CV 02-1331-AS

     v.

                                         ORDER

J. GARDNER and J. GARDNER COMPANY,
et al.,

                Defendants.

ASHMANSKAS, Magistrate Judge:

    Before the court is plaintiff's Motion for Award of Attorney Fees (Doc. #109) and Bill of Costs (Doc. #112). Defendants do not object to these motions. Accordingly, plaintiff's Motion for Attorney Fees is granted in the amount of $166,517.25.[1]

---

[1] Plaintiff requested $166,518.25 in fees, but this was the result of a miscalculation. Specifically, William L. Larkins, Jr.'s hourly rate of $295 multiplied by 254.9 hours billed is $75,195.50, not $75,196.50 as suggested by plaintiff. *See* Mem. in Supp. of Mot. for Award of Att'y Fees at 3.

1   - ORDER

**RELEVANT FACTUAL BACKGROUND**

The facts of this case have been thoroughly recited by this court in its previous orders and need not be repeated here; accordingly, the court refers to the facts only to shed light on the pending motion.

The Small Business Administration (SBA) agreed to make two loans to defendant J. Gardner and J. Gardner Company (Gardner Company) for disaster relief in the wake of flooding in northwestern Oregon in February 1996. One of the two loans was an Economic Injury Disaster Loan ("EIDL"), the purpose of which was to provide the Gardner Company with working capital to pay operating overhead while it tried to rehabilitate the property. The principal advanced under this loan was $102,000. The SBA advanced $663,100 under the second loan, a physical disaster business loan ("DLB"). Both loans were declared in default on March 1, 1998, and no payments have been made by any of the defendants since that date.

Plaintiff (the assignee of the SBA loans) sought a money judgment against the Gardner Company and the guarantors, James L. Gardner, J. Keith Gardner, and Carrol E. Gardner. Plaintiff also sought judgments of foreclosure against real property collateral pledged by the defendants.

The court granted plaintiff's summary judgment motion and, upon defendants' motion for reconsideration, declined to alter the order. Defendants then filed a Motion for Stay of Execution of the Judgment Pending Appeal, which this court granted.

**STANDARDS AND ANALYSIS**

Federal Rule of Civil Procedure 54(d)(2) provides that in a petition for attorney fees and costs, the prevailing party must specify the judgment, the statute, or other grounds entitling it to relief and state the amount or fair estimate of the amount sought. Although Rule 54(d) provides the mechanism for filing a petition for fees and costs in federal court, when an action is based upon

diversity, state law governs whether to allow the fees and costs, and to what extent. *In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001) (citations omitted).

Under Oregon law, generally, a party is not entitled to recover attorney fees unless a statute or contract confers such a right. *Wiper v. Fawkes*, 109 P.3d 798, 800 (Or. App. 2005) (citation omitted). Here, plaintiff points to the Deeds of Trust upon which plaintiff foreclosed. Paragraph 8 of the deeds provides that J. Gardner and J. Gardner Co., Inc, "covenants and agrees [to pay] the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured . . . ." Mot. for Award of Att'y Fees at 2. In addition, the promissory notes secured by the deeds provide for the recovery of "reasonable attorney fees and costs . . . in connection with satisfaction of the indebtedness." *Id.* Also, although not specifically identified by plaintiff, the court finds that O.R.S. 20.096(1) confers entitlement of attorney fees to plaintiff. *See* O.R.S. 20.096(1) ("In any action or suit in which a claim is based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements.").

Plaintiff also satisfies the second requirement to entitlement of fees: compliance with Oregon Rule of Civil Procedure 68(C)(2), which requires a party seeking attorney fees to file a pleading that forms the basis for the judgment entered and includes an appropriate assertion of a right to recover fees. In its First Amended Complaint, plaintiff prayed for an award of attorney fees.

Having concluded that plaintiff is entitled to an award of fees and costs, the court next turns to whether the requested amount is reasonable. In doing so, the court is guided by an eight-factor test employed by several Oregon courts. *See e.g., Dockins v. State Farm Ins. Co.*, 997 P.2d 859, 862

3   - ORDER

n.6 (Or. 2000) (citing Oregon Disciplinary Rule 2-106); *McCarthy v. Oregon Freeze Dry, Inc.*, 957 P.2d 1200, 1205 (Or. 1998). The factors are as follows: (1) the time and labor required, the novelty and difficulty of the questions involved, and the requisite skill needed to perform the legal services; (2) the likelihood that acceptance of the case would preclude the attorney from taking other cases; (3) the customary fee; (4) the amount involved and the results obtained; (5) any time limitations; (6) the nature and length of the attorney's professional relationship with the client; (7) the attorney's experience, reputation, and ability; and (8) whether the fee is fixed or contingent. O.R.S. 20.075(2).

Applying these factors to the present case the court finds as follows:

- This case has been pending for nearly three years and involved extensive motion practice, complex discovery, and considerable document review;
- The rates charged are well within the reasonable rates charged by other attorneys with similar experience, skill, and reputation in Portland, Oregon, *see* Oregon State Bar 2002 Economic Survey, *available at:* http://www.osbar.org/_docs/econsurv02/ecosurvey02_w.pdf;
- The amount in controversy was close to $800,000 and, on summary judgment, plaintiff obtained a judgment, inclusive of pre-judgment interest, of more than $1 million; and
- The attorneys involved in this case all enjoy excellent reputations and have considerable experience and ability.

Accordingly, the court finds that plaintiff's requested amount of attorney fees, subject to the miscalculation noted above, is reasonable. The court also finds no error in plaintiff's calculation of the bill of costs and further finds that the costs as noted were reasonably and necessarily incurred in seeing this case to successful completion.

4   - ORDER

**CONCLUSION**

For the reasons provided above, plaintiff's Motion for Award of Attorney Fees (Doc. #109) is GRANTED in the amount of $166,517.25, and the Bill of Costs (Doc. #112) is granted in the amount of $5,274.25. However, due to staying of the execution of the judgment, the court orders that payment of the attorney fees and costs also be stayed during the pendency of the appeal.

IT IS SO ORDERED.

DATED this  26th  day of August, 2005.


                                         /s/ Donald C. Ashmanskas
                                               Donald C. Ashmanskas
                                               United States Magistrate Judge